NOT FOR PUBLICATION                                    (Docket No. 31)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

```
_____
                                :
GINA M. TURRA,                  :
                                :
            Plaintiff,          :     Civil No. 05-2436 (RBK)
                                :
       v.                       :     Opinion
                                :
STEVEN E. EASTBURN, et          :
als.,                           :
                                :
            Defendants.         :
_____:
```

**KUGLER**, United States District Judge:

Before the Court is a motion by Plaintiff Gina M. Turra for partial summary judgment against Defendants Steven Eastburn and New Castle County Delaware with respect to the applicability of the New Jersey Tort Claims Act. For the reasons provided below, Plaintiff's motion will be granted.

## I.   Background

On September 16, 2004, Plaintiff Gina Turra ("Plaintiff") was in her vehicle driving northbound on I-295.  Plaintiff alleges that a pick-up truck driven by Defendant Steven Eastburn ("Eastburn") struck Plaintiff's car from behind.  At the time of the accident, Eastburn acted in the scope of his employment with New Castle County, Delaware ("New Castle").  Another vehicle, driven by Co-Defendant Elizabeth Clarke ("Clarke"), allegedly

struck Plaintiff in this collision as well.

On May 9, 2005, Plaintiff filed this action in the United States District Court for the District of New Jersey.[1] In the Complaint, Plaintiff alleges that Defendants' negligence caused the accident, which resulted in serious injuries to Plaintiff. In their Answer to Plaintiff's Complaint, Defendants Eastburn and New Castle assert various affirmative defenses, including that Defendants Eastburn and New Castle are immune from suit under the New Jersey Tort Claims Act, N.J.S.A. §§ 59:1-1 et seq., ("TCA"). On June 21, 2006, Plaintiff moved for partial summary judgment against Defendants Eastburn and New Castle, pursuant to Federal Rule of Civil Procedure 56, alleging that Defendants Eastburn and New Castle are not within the ambit of the TCA's protection, because New Castle is a political subdivision of the state of Delaware, and not the state of New Jersey. Defendants Eastburn and New Castle oppose the motion.

## II.  Discussion

### A.    STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

---

[1]     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the state of New Jersey and Defendants Eastburn, New Castle, and Clarke are all citizens of the state of Delaware.  In addition, Plaintiff alleges damages in excess of $75,000.

2

Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Serbin, 96 F.3d at 69 n.2 (quoting Celotex, 477 U.S. at 322); Heffron v. Adamar of New

Jersey, Inc., 270 F. Supp. 2d 562, 568-69 (D.N.J. 2003).

**B.   ANALYSIS**

The TCA provides, in pertinent part, "[A] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  N.J.S.A. § 59:2-1(a).  The TCA defines "public entity" as including "the State, and any county, municipality, district, public authority, public agency, and any other political subdivision or public body in the State." Id.§ 59:1-3 (emphasis added).  The TCA further defines "public employee" as "[A]n employee of a public entity . . . includ[ing]: a person participating, under the supervision of the Palisades Interstate Park Commission, in a volunteer program in that part of the Palisades Interstate Park located in New Jersey."  Id. Moreover, New Jersey has general rules of statutory construction, which state the following:

> In the construction of the laws and statutes of this state . . . words and phrases shall be read and construed with their context, and shall, unless inconsistent with the manifest intent of the legislature or unless another or different meaning is expressly indicated, be given their generally accepted meaning, according to the approved usage of the language.

N.J.S.A. § 1:1-1.

Finally, in passing the TCA, the New Jersey legislature stated

> [I]t is hereby declared to be the public policy of this State that public entities shall only be liable for their

4

> negligence within the limitations of this act and in accordance with the fair and uniform principles established herein. All of the provisions of this act should be construed with a view to carry out the above legislative declaration.

N.J.S.A. § 59:1-2. In addition, the New Jersey Supreme Court stated that, "The purpose of the Act was to reestablish the general rule of the immunity of public entities from liability for injuries to others. . . . Underlying the reenactment of immunity was the Legislature's concern about that liability on the public coffers." Brooks v. Odom, 150 N.J. 395, 402 (1997).

As Plaintiff aptly points out in her brief supporting partial summary judgment, there are New Jersey statutes that the legislature constructed to include and affect foreign states. In these statutes, the legislature used phrases such as "a State," "any State," or "all States." See, e.g., N.J.S.A. § 2A:41A-1(a) (defining "[a] State" as "a State of the United States").

Given the purpose and history of the TCA, as well as the New Jersey legislature's use of the words "the State," the Court cannot possibly find that the New Jersey legislature intended the TCA to shield public employees of political subdivisions of foreign states, or the foreign public entities themselves, from tort damages. The New Jersey legislature did not use language such as "any State" in defining the pertinent parts of the TCA, and it is highly unlikely that the legislature meant to protect the public coffers and taxpayers of the state of Delaware. To

construe the TCA so broadly would completely vitiate the legislative intent as well as generally accepted rules of statutory construction.

Therefore, the Court finds that Defendants Eastburn and New Castle are not protected by the New Jersey TCA, and they are therefore not entitled to affirmative defenses under the New Jersey TCA.[2]

**III. CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's motion for partial summary judgment against Defendants Steven Eastburn and New Castle County Delaware with respect to the applicability of the New Jersey Tort Claims Act.


Dated: <u>1/19/2007</u>          <u>s/Robert B. Kugler</u>
                              ROBERT B. KUGLER
                              United States District Judge

---

[2]     In their brief opposing this motion, Defendants Eastburn and New Castle engage in a lengthy choice of law discussion in which they conclude that the Delaware County and Municipal Tort Claims Act ("DCMTCA") applies to this action.  The Court does not reach this issue, as Plaintiff does not move for summary judgment regarding Defendants' immunity, or lack of immunity, under the DCMTCA.